IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEMETRIO ROMERO and MONICA ROMERO,** | 05-CV-1597-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **UNITED STATES OF AMERICA, THE INTERNAL REVENUE SERVICE, KARLA L. BEESLEY, ELAINE SCHULLER, and DOES 1-10,** | |
| Defendants. | |

**DEMETRIO ROMERO**
**MONICA ROMERO**
23537 Santiam Way SE
Lyons, OR  97358
(503) 859-3431

       Plaintiffs, *Pro Se*

**KARIN J. IMMERGUT**
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1001

1 - OPINION AND ORDER

**JEREMY N. HENDON**
**JUSTIN S. KIM**
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
(202) 307-0977

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#14). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On October 19, 2005, Plaintiffs, appearing *pro se*, filed a Petition for Summary Judgment in which Plaintiffs requested the Court to vacate "all assessments, liens and/or levies" and to issue an order that "the County Recorder remove all IRS liens on file." On November 14, 2005, the Court entered an Order in which it explained to Plaintiffs that an action is commenced by filing a complaint pursuant to Federal Rule of Civil Procedure 3 and described the requirements of Federal Rule of Civil Procedure 8. The Court noted Plaintiffs' Petition did not satisfy the requirements of either Rule and, accordingly, denied Plaintiffs' Petition for Summary Judgment. The Court granted Plaintiffs leave to file an Amended Complaint by December 14, 2005.

On December 28, 2005, the Court entered a Judgment of Dismissal because of Plaintiffs' failure to file an amended complaint by December 14, 2005.

On January 5, 2006, Plaintiffs filed a Motion for Reconsideration of Complaint for Summary Judgment in which they asserted they had timely filed an amended complaint as required. Although Plaintiffs did not attach a copy of their amended pleading to their Motion, they attached a copy of an "Express Mail" receipt from the United States Post Office with a tracking number, which, upon inquiry, indicated an employee of the Clerk of Court's Office had signed for a mailing from Plaintiffs on December 13, 2005, at 10:49 a.m.  Sometime thereafter the document was lost, and, as a result, it was not docketed in the Court file nor made part of the Court record. Accordingly, the Court vacated its Judgment of Dismissal and reinstated this action.  The Court ordered Plaintiffs to file a new copy of their Amended Complaint no later than February 3, 2006.

On January 26, 2006, Plaintiffs filed an Amended Complaint in which Plaintiffs again sought an order vacating "all assessments, liens and/or levies which were based upon Form 1040" and an order "for the County Recorder to remove any and all IRS liens on file associated with the Plaintiff's names and property."

3 - OPINION AND ORDER

On February 23, 2006, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## **STANDARDS**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

In addition, if a court dismisses a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-*

4 - OPINION AND ORDER

*Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

Defendants move to dismiss Plaintiffs' Amended Complaint on the ground that the Court lacks subject-matter jurisdiction over this action because (1) the United States is the only proper Defendant and (2) sovereign immunity bars this action against the United States.

## I.  Individual Defendants

Plaintiffs bring this action against Karla L. Beesley and Elaine Schuller in addition to the United States and the Internal Revenue Service (IRS).  Plaintiffs do not specify whether they seek to bring this action against Beesley and Schuller in their individual or official capacities.  In any event, Plaintiffs do not allege any facts in their Amended Complaint to support a claim that Beesley and Schuller took any action against them in any capacity other than that of IRS agents.  To the extent Plaintiffs' claims are asserted against Beesley and Schuller in their individual capacity, therefore, the Court concludes Plaintiffs have failed to allege facts sufficient to state any such claim.

To the extent Plaintiffs intend to assert claims against

5 - OPINION AND ORDER

Beesley and Schuller in their official capacity as IRS employees, it is well-established that an action against government officers is an action against the sovereign "if the judgment sought would expend itself on the public treasury . . . or interfere with the public administration."  *Dugan v. Rank*, 372 U.S. 609, 620 (1963). *See also Smith v. Grimm,* 534 F.2d 1346, 1351 (9th Cir. 1976). An exception applies if the government officer acted beyond her statutory powers or exercised her powers in a manner that was constitutionally void.  *Id.* at 621-22.  Plaintiffs, however, do not allege any facts to support the application of either exception.

     Accordingly, the Court dismisses Plaintiffs' claims against Beesley and Schuller in both their individual and official capacities.

**II.  Sovereign Immunity**

     Plaintiffs' claims, in effect, are requests that the Court enjoin the federal government from actions related to the collection of taxes.  "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States under admiralty law or otherwise." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974), *cert. denied*, 419 U.S. 1070 (1974).  The record does not reflect nor do Plaintiffs allege the United States has consented to be sued.  Thus, this Court lacks jurisdiction over this matter.

6 - OPINION AND ORDER

In addition, the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars Plaintiffs' claims.  The "principal purpose of the Anti-Injunction Act is to preserve the Government's ability to assess and collect taxes expeditiously with a minimum of preenforcement judicial interference and to require that the legal right to the disputed sums be determined in a suit for a refund."  *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1884-85 (9th Cir. 1990)(internal quotation and citation omitted), *cert. denied*, 500 U.S. 952 (1991).

A limited number of statutory exceptions to the Act's proscription against enjoining the government's tax assessment and collection efforts exists in addition to a narrow exception to the Act when a plaintiff shows the government cannot prevail under any circumstances and the plaintiff would suffer irreparable injury in the absence of injunctive relief.  *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990).  Plaintiffs, however, have not presented any factual allegations to support the application of any of these exceptions.  The Court, therefore, concludes it also lacks subject-matter jurisdiction under the Anti-Injunction Act.

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446,

7 - OPINION AND ORDER

1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

    The Court previously granted Plaintiffs leave to amend their Complaint with instructions as to the deficiencies in their original filing.  The Court finds the deficiencies in Plaintiffs' Amended Complaint, however, cannot be cured by amendment.  Even under the most generous interpretation of Plaintiffs' Amended Complaint, Plaintiffs do not allege any facts that would indicate an exception to either the sovereign immunity of the United States or the Anti-Injunction Act applies to Plaintiffs' claims.  The Court, therefore, dismisses Plaintiffs' Amended Complaint with prejudice.

## CONCLUSION

    For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#14) and

**DISMISSES with prejudice** Plaintiffs' Amended Complaint.

IT IS SO ORDERED.

DATED this 7th day of June, 2006

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER